U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 13 2010

CLERK, U.S. DISTRICT COURT
By_____
      Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN MANUEL CALDERON, §
    Petitioner, §
 §
v. §
 §    Civil Action No. 4:10-CV-210-Y
 §
RICK THALER, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
    Respondent. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner John Manuel Calderon, TDCJ-ID #1512855, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dalhart, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On March 27, 2008, a jury found petitioner guilty of retaliation in the 213th District Court of Tarrant County, Texas, and assessed his punishment at eight years' confinement. (State Habeas R. at 56) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Calderon v. Texas*, No. 02-08-098-CR, slip op. (Tex. App.–Fort Worth Mar. 5, 2009); *Calderon v. Texas*, PDR No. 460-09. Petitioner did not seek writ of certiorari. (Pet. at 3) He filed a state application for writ of habeas corpus raising one or more of the claims presented herein, which was denied by the Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Calderon*, Appl. No. WR-73,486-01, at cover. This federal petition was timely filed.

The state appellate court summarized the background facts of the case as follows:

> On March 15, 2007, around six o'clock in the morning, Arlington Police Officer Anthony "Tony" Crowsey was patrolling eastbound on Park Row in Arlington, Tarrant County, Texas, when he saw a tan Ford Explorer run the stop sign at a southbound crossing street and fish-tail into the westbound lane. Officer Crowsey swerved from the inside lane of the four-lane roadway to the outside lane, as it appeared the Explorer would swing wide into the oncoming lane of traffic. When the Explorer passed, the officer executed a u-turn to get behind it, and the Explorer accelerated before turning at the first right. The Explorer sped through a residential neighborhood, ran a second stop sign, and made a right-hand turn and then immediately another right onto Randall Street, where it entered a driveway and stopped.
>
> Officer Crowsey had already activated his patrol car's emergency lights, and he engaged the siren when he saw the Explorer run the second stop sign. He drove into the driveway behind the Explorer and pulled the driver, [petitioner], out and to the ground, handcuffed him, and identified him as appellant. Officer Crowsey recognized [petitioner] from other calls in the area, but had never had any prior contact with him.

> Initially, [petitioner] was cooperative as he tried to convince the officer to let him go, but when Crowsey placed him in the patrol car for transport to jail, [petitioner]'s demeanor changed, and he became "very agitated" and "very angry." [Petitioner] began screaming that as soon as he got out of jail, he was going to come looking for the officer and kill him and his family. [Petitioner] continued making threats, with increasing detail, during the entire five-to-six-minute ride to jail. Once they arrived, [petitioner] refused to exit the patrol car, and the officer resorted to pepper spray to extract [petitioner] from the car and move him into the jail.

*Calderon*, No. 2-08-098-CR, slip copy, at 1-3.

### D. ISSUES

In two grounds, petitioner claims he received ineffective assistance of counsel on appeal. (Pet. at 7)

### E. RULE 5 STATEMENT

Respondent admits that petitioner has sufficiently exhausted his state remedies with regard to the claims presented as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 4)

### F. DISCUSSION

#### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case

differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is an adjudication on the merits, which is entitled to the presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 1. *Ineffective Assistance of Counsel on Appeal*

Petitioner claims his court-appointed counsel on appeal was ineffective by failing to raise issues complaining of the trial court's denial of his motion to suppress under *Miranda* and denial of his motion for directed verdict. (Pet. at 7)

A criminal defendant has a constitutional right to the effective assistance of counsel on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985);

*Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). In this context, to establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance he would have prevailed on appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991). A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89.

Without conducting a hearing, the state habeas court entered findings of fact refuting petitioner's claims, and, applying the *Strickland* standard, concluded petitioner had received effective assistance of appellate counsel. (State Habeas R. at 45-51) On those findings, the Texas Court of Criminal Appeals also rejected petitioner's ineffective assistance claims. Absent clear and convincing evidence in rebuttal, the state court's factual determinations are presumed correct and the court must defer to the state court's factual findings. Applying the appropriate deference to the factual findings, the state courts' determination of the claims was not objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002)

Petitioner claims appellate counsel was ineffective by failing to raise a *Miranda* claim on the basis that his Fifth Amendment right against self-incrimination was violated by Officer Crowsey's failure to warn him that his statements constituted a crime and could be used against him in a court of law. (Pet. at 7; Pet'r Mem. at 2-11; Pet'r Reply at 2-6) Petitioner concedes his incriminating statements were not the result of "being questioned by a police officer." Instead, citing state law,

petitioner argues Officer Crowsey had a "'duty to use everything necessary . . . to 'prevent and suppress' a crime when it is committed within the officer's 'right or hearing.' This would include warning the individual . . . he could be arrested for such actions that might be criminal." Petitioner directs the court to Officer Crowsey's testimony that he "excused" petitioner's threats and allowed petitioner to continue making incriminating statements, and, instead of warning petitioner that the statements he was making constituted a crime, the officer simply stated, "I get threatened a lot in the course of my duties." (Pet'r Reply at 5; RR, vol. 3, at 22) Petitioner asserts he believed he was going to jail for evading arrest–a charge that was never filed, when, in fact, he was charged with retaliation, a crime he never knew he had committed.

The state habeas court entered the following findings of fact relevant to the issue:

5. [Petitioner] was not apprised of his *Miranda* rights before he made the statements of threat towards the officer.

6. [Petitioner] was under arrest at the time he made the statements of threat towards the officer.

7. The officer placed him in the back of the patrol car, gave [petitioner] orders and directions, and was not mute during the trip to the station.

8. The officer did not interrogate [petitioner] or ask him any questions.

9. The officer observed the offense so he did not need any statements or answers from [petitioner].

10. The officer did not act in any way to elicit an incriminating response.

(State Habeas R. at 46) (citations to the record omitted)

Applying the *Strickland* standard, and citing to *Miranda v. Arizona*, 384 U.S. 436 (1996), and related case law, the state court set forth the following conclusions of law based on its factual findings:

10. An attorney is prohibited from raising claims on appeal that are not founded in the record.

11. *Miranda* applies during custodial interrogation.

12. Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

13. "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police *(other than those normally attendant to arrest and custody)* that the police should know are reasonably likely to elicit an incriminating response from the suspect."

14. [Petitioner] was in custody at the time he made the statements.

15. [Petitioner] has failed to prove that the officer was acting in any way to elicit an incriminating response.

16. [Petitioner] has failed to prove that his statements of threat were the result of a custodial interrogation.

17. [Petitioner] has failed to prove that *Miranda* applied to his statements of threat.

18. [Petitioner] has failed to prove that his statements were inadmissible because he was not advised of his *Miranda* rights.

19. [Petitioner] has failed to prove that the trial court's denial of his motion to suppress was improper.

20. [Petitioner]'s motion to suppress claim was not founded in the record.

21. [Petitioner] has failed to prove that appellate counsel's representation was deficient because she did not raise the motion to suppress claim on direct appeal.

22. [Petitioner] has failed to prove that his appellate attorney's representation fell below an objective standard of reasonableness.

23. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established.

. . .

26. [Petitioner] has failed to show that there is a reasonable probability that the result of the appeal would have been different had counsel raised that the trial court erred by denying the motion to suppress because the statements were admissible.

27. [Petitioner] has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would have been different.

28. [Petitioner] has failed to prove that he received ineffective assistance of appellate counsel.

(*Id.* at 47-51) (citations omitted)

Petitioner has not demonstrated that the state courts' adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law on the issue, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. The safeguards prescribed by *Miranda* protect a suspect against self-incrimination stemming from custodial interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Voluntary statements, not in response to custodial interrogation, are not barred by the Fifth Amendment and, therefore, are not subject to the *Miranda* warnings. *See id.*; *United States v. Gonzales*, 121 F.3d 928, 939-40 (5th Cir. 1997); *United States v. Sanchez*, 449 F.2d 204, 209 (5th Cir. 1971). Counsel is not required to raise frivolous issues on appeal. *See Clark v. Colins*, 19 F.3d 959, 966 (5th Cir. 1994).

Petitioner also claims counsel on appeal was ineffective by failing to raise an issue of trial court error in denying his motion for directed verdict at the close of the state's case-in-chief based

8

on insufficient evidence. (Pet. at 7; Pet'r Mem. at 10-11; Pet'r Reply at 6-7; RR, vol. 3, at 63-64) Under Texas law, a motion for directed verdict is a challenge to the legal sufficiency of the evidence. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). On appeal, counsel did raise both legal- and factual-sufficiency-of-the-evidence claims, which were addressed and rejected by the appellate court. Petitioner's claim that counsel failed to raise such a claim on appeal is factually incorrect and frivolous.

## 2. *Evidentiary Hearing*

Petitioner requests an evidentiary hearing for purposes of developing the record in support of his claims. (Pet'r Mem. at 1) *See* 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> > (A) the claim relies on–
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has not met the statutory criteria. The case can be decided on the record, and the interests of justice do not require a hearing. Further development of the record is not necessary in order to assess the claims.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 3, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 3, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses

to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 13, 2010.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE